FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2023 SEP 29 P 2: 36 CC

CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

**INDICTMENT FOR CONSPIRACY TO COMMIT WIRE FRAUD AND WIRE FRAUD**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** 23-212 |
| **v.** | * | **SECTION:** SECT. E MAG. 1 |
| **MARCEL GAVIN** | * | **VIOLATIONS: 18 U.S.C. § 2**<br>**18 U.S.C. § 371**<br>**18 U.S.C. § 1343** |
| | * | |

* * *

The Grand Jury charges that:

**COUNT 1**
(18 U.S.C. § 371 – Conspiracy)

**A. AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **MARCEL GAVIN** ("**GAVIN**"), was a resident of Odenton, Maryland.

2. **GAVIN** maintained multiple financial accounts, including one at Navy Federal Credit Union.

3. Shaniqua Page Wilson was a resident of Odenton, Maryland.

4. Wilson maintained multiple financial accounts, including one at JPMorgan Chase Bank, N.A.

___Fee___
___Process___
X Dktd___
___CtRmDep___
___Doc.No.___

5. **GAVIN** resided and had a personal and romantic relationship with Wilson.

6. Siedah Eley was a resident of Columbia, Maryland.

7. Eley was a friend and associate of **GAVIN** and Wilson.

8. Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, and Co-Conspirator 4 were adult friends, relatives, and associates of **GAVIN** and Wilson.

9. Co-Conspirator 4 was a resident of Metairie, Louisiana, within the Eastern District of Louisiana. Co-Conspirator 4 was employed with an agency of the City of New Orleans and maintained a financial account at Capital One, N.A.

<u>The Small Business Administration</u>

10. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

11. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

<u>The CARES Act</u>

12. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic.

<u>The Paycheck Protection Program</u>

13. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses,

through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

14. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

15. Among the types of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the IRS on Form 1040, Schedule C, for a given tax year. The lending institution or loan processor used this information to calculate the amount of money the individual was entitled to receive under the PPP. The maximum PPP loan amount for a sole proprietor with no employees was $20,833.00.

16. A PPP loan application was required to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

17. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

18. "Prestamos CDFI" "Capital Plus Financial," and "Benworth Capital" were among many designated financial institutions authorized to process PPP loans that were guaranteed by the SBA.

19. Blueacorn was created during the COVID-19 pandemic to assist small businesses in securing PPP loans.

20. Blueacorn would transmit PPP loan applications to approved lenders including Prestamos CDFI, Capital Plus Financial, and Benworth Capital.

21. Approved PPP loans were generally funded by wiring the proceeds of the loan into the applicant's bank account, Current account, or another designated financial institution.

**B. THE CONSPIRACY:**

Beginning at a time unknown, but not later than April 19, 2021, and continuing through at least on or about May 20, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **MARCEL GAVIN**, Wilson, Eley, Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, Co-Conspirator 4, and others known and unknown to the grand jury, did willfully and knowingly combine, conspire, confederate, and agree with each other and other known and unknown to execute, and attempt to execute, a scheme and artifice to defraud and to obtain money, funds, and property by means of false and fraudulent pretenses, representations and promises and did transmit

and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, in violation of Title 18, United States Code, Section 1343.

## C. PURPOSE OF THE CONSPIRACY:

The purpose of the conspiracy was for **MARCEL GAVIN**, Wilson, Eley, Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, Co-Conspirator 4, and others known and unknown to the grand jury, to enrich themselves unjustly by preparing and submitting PPP loan applications by means of materially false and fraudulent pretenses and representations.

## D. MANNER AND MEANS:

The manner and means by which **GAVIN**, Wilson, Eley, Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, Co-Conspirator 4, and others known and unknown to the grand jury sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

1. **GAVIN**, Wilson, and Eley recruited friends and family members primarily via word of mouth and text message to participate in a scheme whereby they would fraudulently obtain money from PPP programs.

2. **GAVIN**, Wilson, and Eley requested and received from interested individuals the following information for the applicant: the applicant's name, address, social security, and phone number, a copy of the front and back of the applicant's driver's license, a bank statement from 2020, and the routing and account number for the applicant's bank account in order to prepare the fraudulent PPP loan applications.

3. **GAVIN**, Wilson, and Eley created false and fraudulent loan applications, each of which stated the applicant had a sole proprietorship in the beauty industry and generated substantial income from those businesses. Where the applicant actually received income in a *de*

*minimis* amount from work in the beauty industry, **GAVIN**, Wilson, and Eley knowingly inflated the amount of income falsely.

4. **GAVIN**, Wilson, and Eley prepared and submitted the false and fraudulent PPP sole proprietor loan applications via the Blueacorn online portal.

5. **GAVIN**, Wilson, and Eley falsely certified that the application and the information provided in the supporting documents were true and accurate when she electronically submitted the fraudulent PPP loan applications.

6. **GAVIN**, Wilson, and Eley charged some applicants up to approximately $5,000.00 once the PPP loan was funded. **GAVIN**, Wilson, and Eley received these funds in cash or by electronic means via the Zelle digital payment network.

**E. <u>OVERT ACTS:</u>**

In furtherance of the conspiracy and to achieve the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

1. On or about April 19, 2021, **GAVIN** caused Siedah Eley, a friend and associate, to complete and submit a false PPP loan application in his own name and on behalf of himself (Loan number x68704) electronically. As a result of the fraudulent application, **GAVIN** received approximately $20,832.00, via electronic deposit into a financial account in **GAVIN'S** name and under **GAVIN'S** control.

2. On or about May 4, 2021, Wilson caused Eley to complete and submit a false PPP loan application in her own name and on behalf of herself (Loan number x68700) electronically. As a result of the fraudulent application, Wilson received approximately $20,832.00, via electronic deposit into a financial account in Wilson's name and under Wilson's control.

3. On or about May 5, 2021, **GAVIN** and Wilson completed and submitted a false PPP loan application in the name of Co-Conspirator 3 (Loan Number x88909) electronically. As a result of the fraudulent application, Co-Conspirator 3 received approximately $20,832.00, via electronic deposit into a financial account in Co-Conspirator 3's name and under Co-Conspirator 3's control.

4. On or about May 18, 2021, Co-Conspirator 3 transferred approximately $3,500.00 to **GAVIN** via Zelle.

5. On or about May 19, 2021, Co-Conspirator 3 transferred approximately $1,500.00 to **GAVIN** via Zelle.

6. On or about May 5, 2021, **GAVIN** and Wilson completed and submitted a false PPP loan application in the name of Co-Conspirator 4 (Loan Number x18908) electronically. As a result of the fraudulent application, Co-Conspirator 4 received approximately $20,832.00, via electronic means into Co-Conspirator 4's Capital One account.

7. On or about May 18, 2021, Co-Conspirator 4 transferred approximately $3,500.00 to **GAVIN** via Zelle.

8. On or about May 20, 2021, Co-Conspirator 4 transferred approximately $1,500.00 to **GAVIN** via Zelle.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
(18 U.S.C. § 1343 – Wire Fraud)

**A. AT ALL TIMES MATERIAL HEREIN:**

The allegations of Parts A, D, and E of Count 1 are hereby realleged and incorporated herein in their entirety by reference.

**B. THE SCHEME:**

1. Beginning at a time unknown, but not later than in about April 19, 2021, and continuing through on or about May 19, 2021, in the Eastern District of Louisiana and elsewhere, **MARCEL GAVIN**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money, funds, and property by means of false and fraudulent pretenses, representations and promises and did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds.

2. On or about May 5, 2021, in the Eastern District of Louisiana and elsewhere, **MARCEL GAVIN**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money, funds and property by means of false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted in interstate commerce certain writings, signs, signals and sounds by means of wire communications from the Eastern District of Louisiana, namely a false PPP loan application in the name of Co-Conspirator 4 (Loan Number x18908) electronically, which resulted in a payment in the amount of approximately $20,832.00 to Co-Conspirator 4, of which Co-Conspirator 4 paid **GAVIN** approximately $5,000.00, in violation of Title 18, United States Code, Sections 1343 and 2.

**NOTICE OF FORFEITURE**

1. The allegations of Counts 1 and 2 are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 and 2, defendant, **MARCEL GAVIN**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

DUANE A. EVANS
UNITED STATES ATTORNEY

JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar No. 6282956

New Orleans, Louisiana
September 29, 2023

FORM OBD-34

*No.* ____________________

# UNITED STATES DISTRICT COURT

Eastern *District of* Louisiana

Criminal *Division*

## THE UNITED STATES OF AMERICA

**vs.**

## MARCEL GAVIN

# INDICTMENT

**INDICTMENT FOR CONSPIRACY TO COMMIT WIRE FRAUD AND WIRE FRAUD**

**VIOLATIONS:** **18 U.S.C. § 2**
**18 U.S.C. § 371**
**18 U.S.C. § 1343**

*A true bill.*

*Filed in open court this* ____________________ *day of* ____________________ *A.D.* *2023.*

____________________
*Clerk*

*Bail, $* ____________________

**JORDAN S. GINSBERG**
**Assistant United States Attorney**

23-212 PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added

☐ Indictment ☐ Charges/Counts Added

☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT DISTRICT OF LOUISIANA

EASTERN Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: Katlyn LaCombe

☒ U.S. Atty ☐ Other U.S. Agency

Phone No. (504) 680-3121

Name of Asst. U.S. Attorney (if assigned): Jordan Ginsberg

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

USSS, SA Nicholas Hobson

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. Atty ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense: Maryland County Odenton

CASE NO. SECT. E MAG. 1

USA vs.

Defendant: MARCEL GAVIN

Address:

☐ Interpreter Required Dialect:

Birth Date 1987

☑ Male ☐ Female

☐ Alien (if applicable)

Social Security Number XXX-XX-1142

**DEFENDANT**

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date ______ or Date Transferred to Federal Custody ______

☐ Currently in Federal Custody

☐ Currently in State Custody

☐ Writ Required

☐ Currently on bond

☐ Fugitive

Defense Counsel (if any):

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts 2 (for this defendant only)

| Offense Level (1, 3, 4) | Title & Section/ (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | Title 18 USC Sections 371, 1343 | Conspiracy to Commit Wire Fraud | 1 |
| 4 | Title 18 USC Section 1343 | Wire Fraud | 1 |
| | | | |
| | | | |
| | | | |

23-212

SECT. E MAG. 1

*TO: DOCKET CLERK*

*__MAGISTRATE CASE NUMBER*

*OR*

*_X_NO MAGISTRATE PAPERS WERE FOUND*

*for*

*NAME: MARCEL GAVIN*

*Initials: amm*

If you receive this note without any initials,

please return the entire packet to criminal desk .

Thank you